Jose R. Vélez, Plaintiff and Appellant, *v.* Municipality of Añasco, Defendant and Appellee.

No. 6474. Argued November 13, 1934.—Decided May 29, 1935.

*M. Figueroa del Rosario* for appellant. *Ildefonso Freyre* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Vélez brought this action for the determination of an alleged right to be supplied with water by the Municipality of Añasco in accordance with the provisions of a certain franchise granted to the municipality. ·The municipality demurred for want of facts sufficient to constitute a cause of action, for want of jurisdiction, and on the ground of a pending action between the same parties. The district judge overruled the first and third of these demurrers but, holding

that the Public Service Commission had exclusive jurisdiction, sustained the second demurrer and dismissed the action.

 Vélez alleged that the municipality, acting as a public service corporation, possesses, maintains and operates a water works system for the purpose of furnishing potable water to the inhabitants of the town of Añasco, on payment of the corresponding rates for such service in accordance with a franchise granted it by the Public Service Commission July 31, 1923, and according to the rates thereafter approved by the said commission at the instance of the municipality; that plaintiff is the owner of a kiosk on a lot in the Plaza Ibáñez of Añasco; that plaintiff wrote the mayor May 10, 1933, requesting that water be supplied for said kiosk enclosing a post office money order for $2.25 to the order of the municipal treasurer as a deposit to secure payment for the water consumed in the event of failure to meet any monthly charge for said service, as required by the rate schedules proposed by the municipality and approved by the Public Service Commission; that the municipality, through the mayor, replied to plaintiff's demand refusing to supply him with water and alleging as an impediment to favorable action on plaintiff's application, a pending unlawful detainer proceeding and the existence of a municipal ordinance forbidding the establishment or maintenance of any business on the public plaza; that "the franchise granted by the Public Service Commission of Puerto Rico to defendant on July 31, 1923, authorized and does authorize it to build, as it did build, and to possess, maintain and operate, as it does possess, maintain and operate, a water works system to supply potable water to the town of Añasco, P. R., but without establishing discriminations, preferences or privileges in said service and under the obligation to render service equally to all citizens on payment of the rates approved by the said commission to which reference has already been made, and in compliance with the provisions of sections 2, 3, paragraphs (a) and (b); section 8, paragraph (b), and others applicable thereto,

of the Public Service Act of Puerto Rico, approved December 6, 1917; that the fact that there is between the same parties an action of unlawful detainer on appeal before the Supreme Court of Puerto Rico, in connection with the same building which, as admitted by defendant itself, belongs to the plaintiff, is no impediment or legal obstacle to the supplying of water by the defendant to said building, because the said unlawful detainer proceeding does not deprive the plaintiff of the use, or enjoyment of the said building during the prosecution of the said action, and without the service of water the said building can not be used by the plaintiff or by any other person and would practically become condemned and expropriated; . . . that the fact that there is an ordinance, if such is the case, prohibiting the establishment of any business in the main square of the said town where the plaintiff's building is located is no legal ground either for refusing water service for the same because said building is at present vacant and the defendant can not foretell the use to which said building will be put by the plaintiff in order to apply unreasonably to it beforehand the said ordinance; that in accordance with the health regulations in force the aforesaid building could not be opened, used or enjoyed by him in any way unless it has water service and that the action of the defendant in refusing him water service, without legal justification, constitutes a forceful condemnation of the building and an expropriation without due process of law; and that from the foregoing facts there has arisen and is pending a controversy between the plaintiff and the defendant regarding the application and interpretation of the said franchise and regarding the application and construction of sections 2, 3 and 8 of the Public Service Law of Puerto Rico, approved December 6, 1917, relating to the powers and duties of the defendant granted and required by the said franchise and by the said law, and regarding the right of the plaintiff to be given water service in said building or in any other building belonging to him in compliance

with the said franchise and law, and that a declaratory judgment by this court construing the said franchise and the said public service act and determining the respective rights of the plaintiff and of the defendant derived from the said franchise and the said statute would put an end to the controversy and dispel the uncertainties in the premises."

The prayer was for a judgment including the following pronouncements:

"(A) That the Municipality of Añasco, P. R., defendant herein, possesses, maintains and operates in the town of Añasco, P. R., a water works system which supplies the said town with potable water, under the franchise approved by the Public Service Commission of Puerto Rico on July 31, 1923, and that in that respect the defendant municipality must be considered as and is a public service company, and, that according to the terms of the said franchise and of the rate schedule afterwards approved by the said Public Service Commission of Puerto Rico, the said municipality as such public service company is bound to serve every applicant for its services within the municipality without discrimination, preference or privilege, on payment of the rates fixed in the said schedules, and is likewise bound to do so by the provisions of the Public Service Act of Puerto Rico, sections 2, 3, 8, and others, approved December 6, 1917; and

"(B) That the plaintiff, pursuant to the said franchise and to the said Public Service Act, is entitled to be supplied by the defendant with water in the said building or kiosk or any other building belonging to him in the town of Añasco, P. R., on payment by the plaintiff, who has promised and is willing so to do, of the rates fixed in the rate schedules approved by the Public Service Commission of Puerto Rico; and

"(C) Containing any other pronouncements required by law in the premises."

Appellee relies on section 38 of the Organic Act in connection with section 32 of the former Organic Act; Compiled Statutes 1911, sections 338–357, and more particularly sections 345, 347, 348, and 351; and sections 14, 24, 25, 61 and 67 of the Public Service Act of 1917 (Session Laws, p. 432). Section 2 of An Act "Relative to Judgments and Declaratory Decrees, etc.," approved April 25, 1931 (Session Laws, p.

378), provides that: "Every person ... whose rights, status or other judicial relations are affected by any ... franchise, may obtain a determination of any difference in regard to the construction or validity of said ... franchise, and also a declaration of the rights, status or other judicial relations derived therefrom."

We cannot agree with counsel for appellee that the word franchise does not include franchises granted by the Public Service Commissioner. Whatever the rule may have been prior to the enactment of the law of 1931, the district courts now have the power and jurisdiction, we think, to construe franchises granted by the Public Service Commission and to pass upon questions concerning rights alleged to have been derived therefrom.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.